Ruben M. RUiz, Esq., Bar No. 190332
LAW OFFIE OF RUBEN M. RUIZ
674 County Square Drive, Suite 210
Ventura, CA 93003
Ph: (805) 644-8321
Fax (805) 644-0759

Attorneys for Plaintiff
Alfredo Ortiz

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO ORTIZ | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES:** |
| vs. | **(1) 42 U.S.C. § 1983 - Violation of Civil Rights** |
| | **(2) California Government Code § 845.6** |
| COUNTY OF VENTURA, VENTURA COUNTY SHERIFF BILL AYUB, WELLPATH MANAGEMENT, INCORPORATED, AND DOES 1 THROUGH 100, INCLUSIVE, | **(3) Negligence** |
| | **(4) Medical Malpractice** |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Plaintiff ALFREDO ORTIZ,  alleges as follows:

### I.

### JURISDICTION

1. Jurisdiction over the claims asserted herein is based upon federal subject matter jurisdiction [42 U.S.C. § 1983] pursuant to 28 U.S.C. §§ 1331 and 1343(3).

## II.

## VENUE

2. Venue in the United States District Court, Central District of California, is based upon 28 U.S.C. § 1391(a) (2) in that a substantial part of the events giving rise to the claims occurred in this district.

## III.

## PARTIES

**A. Plaintiff.**

3. Plaintiff Alfredo Ortiz is now, and at all times herein mentioned was, an individual residing in the City of Oxnard, County of Ventura, State of California.  During the events alleged herein, Plaintiff Alfredo Ortiz was an inmate in the Ventura County Jail, located in Ventura, California.

**B. Defendants.**

4. Defendant County of Ventura ("Ventura County") is now, and at all times herein mentioned was, a governmental entity duly organized and existing under the laws of the State of California and which oversees, owns, operates, manages, directs and controls defendant Ventura County Sheriff's Department ("VCSD"), an agency of Ventura County.

5. Defendant Ventura County Sheriff Bill Ayub ("Sheriff Ayub") is now, and at all times herein mentioned was, the Sheriff of Ventura County and was responsible for the management, supervision, control and policy making at Ventura County Jail ("VCJ") and for the supervision and training of  peace officers employed by VCSD. Sheriff Dean is responsible for the care, custody, control and safekeeping of inmates in his custody. California Government Codes §§ 26605, 26610; California Penal Code § 4006. Sheriff Dean is

responsible for: (1) the management and control of Ventura County Jail; (2) the selection, promotion, supervision, training, discipline and retention of agents and employees working for VCJ, including custodial staff, counselors, advisors, nurses, doctors, physician assistants, medical staff, mental health staff, education staff and supervisors; and (3) the implementation of policies and procedures at VCJ.

6. Defendant Wellpath Management, Inc. ("Wellpath") is now, and at all times herein mentioned was, a Deleware corporation providing medical services and staff to Ventura County, VCSD and VCJ.

7. Defendant Allfredo Ortiz is now, and at all times herein mention was, a resident of the City of Oxnard, County of Ventura, State of California, and at all times mentioned herein, was in custody at the Ventura County Jail, operated by Defendant Ventura County under Defendant Sherif Bill Ayub.

8. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as Does 1 through 100, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will amend this complaint to show such true names and capacities when she has ascertained the same.  Plaintiff is informed, believes and thereupon alleges that each Doe Defendant named herein is, in some manner, legally responsible for the acts  complained of. Does 1 through 25 are VCSD and/or VCJ employees and staff. Does 26 through 50 are VCSD and/or VCJ executive, management, and/or policy making staff and employees. Does 51 through 75 are Wellpath medical doctors and/or mental health professionals. Does 76 through 100 are Wellpath nurses, psych nurses, and/or

employees and staff.

9. At all times herein mentioned Defendants, and each of them, were the agents, servants and employees of each of the Co - Defendants, and in doing the things herein mentioned were acting within the purpose, course and scope of their authorities and employment as such agents, servants and employees, and with the permission and consent of said Co- Defendants.

10. Plaintiff filed a governmental tort claim for money damages with Ventura County as required by the controlling sections of the California Government Code. The claim was rejected on July 14, 2020 and this complaint is timely filed.

## IV.
## STATEMENT OF FACTS

11. On or about mid-January 2020, Plaintiff Ortiz, while in custody at the Ventura County Jail, had a tooth or teeth removed by the medical staff at the jail.

12. Plaintiff Ortiz after having his tooth/teeth removed was put in solitary confinement, or otherwise know as the hole, by the Ventura County Jail staff.

13. Plaintiff Ortiz remained in the hole for several days. At all times during his being kept in the hole, Plaintiff Ortiz complained of horrible pain and discomfort to his mouth area. At all such times, Plaintiff Ortiz complained to the Jail Staff of his discomfort and pain, asking and/or begging them for help and/or to get him medical help.

14. After having complained to the Jail staff a multitude of times about the pain and discomfort of his mouth, Plaintiff Ortiz was not given the proper help and/or care, but merely given pain killers, such as an anti-inflammatory.

15. On or about January 27, 2020, Plaintiff Ortiz had to be rushed to the local hospital for emergency medical services as he was almost non-responsive. Although he was semi-conscious, he could not speak.

16. While at the hospital, the hospital doctors, diagnosed Plaintiff Ortiz with an extremely swollen mouth area which prevented him from talking.

17.  Shortly after his arrival at the hospital, Plaintiff was diagnosed with an infection stemming from his mouth, or more closely to the area of where his tooth/teeth were removed while at the Ventura County Jail just days earlier.  At the time, hospital doctors determined that the infection had spread to other parts of his body due to his not receiving the proper care while at the jail.  Due to such, Plaintiff was medically  induced into a coma to best treat him as well as to minimize his pain and discomfort.

18. On or about January 30, 2020, after being in an induced coma for three days and receiving the proper medications and care, Plaintiff was taken out of his coma as the Sheriff requested that he be taken back to the jail.

19. ON or about January 30, 2020, at the request fo the Sheriff, Plaitniff Ortiz was returned to Ventura County Jail, and continued to receive his medications orally there.

///

---

20. Several days after his return to the County Jail, Plaintiff continued to feel pain, discomfort, ill, weak, and not properly taken care off by the Jail staff.

21. Plaintiff is informed, believes and thereupon alleges that Sheriff Ayub is regularly provided with reports concerning the care and/or treatment of inmates, improper classification of inmates, and other violations involving the housing, care, mental health care, and treatment of inmates at VCJ. Sheriff Dean is sued in his individual capacity, as a supervisor, for his own culpable action or inaction in the training, supervision or control of his subordinates, or his acquiescence  in the constitutional deprivations conduct that showed reckless or callous indifference for others. Sheriff Ayub's affirmative conduct involves: (1) his knowing failure to ensure enforcement of policies, rules or directives that set in motion a series of acts by others which he knew, or reasonably should have known, would cause others to inflict a constitutional injury on Mr. Ortiz; (2) allowing the policy of placing inmates with severe mental illness in solitary confinement for days on end, thereby significantly exacerbating the injury to Plaintiff.

22. At all times herein mentioned, Mr. Ortiz was a pre-trial detainee suffering from a serious medical issue.  VCJ custodial and medical staff ignored and/or disregarded their duties and responsibilities for Plaintiff's urgent medical needs.

23. Defendants failed to provide Plaintiff Ortiz with adequate and/or reasonable care and/or supervise/monitor him while in custody at the Ventura County Jail

---

COMPLAINT FOR DAMAGES

V.

**FIRST CAUSE OF ACTION FOR RELIEF**

**42 U.S.C. §1983 VIOLATIONS**

**(Plaintiff v. All Defendants)**

24. Plaintiff repeats and realleges paragraphs 1 through 27, inclusive, as though set forth full herein.

25. 42 U.S.C. § 1983 provides in part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state.... subjects, or causes to be subjected, any citizen of the United states or other person within  the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law , suit in equity, or other proper proceeding for redress."

**COUNT I - 14ᵀᴴ AMENDMENT- MEDICAL CARE**

26. The Fourteenth Amendment imposes duties on custodial and law enforcement officials to provide humane conditions of confinement; to ensure that inmates receive adequate food, clothing, shelter, and medical care; and to take reasonable measures to guarantee the safety of inmates.  A custodial official's deliberate indifference to a pretrial detainee's medical needs constitutes a violation of the Fourteenth Amendment's Due Process clause. *Clouthier v. County of Contra Costa* (9ᵗʰ Cir. 2010) 591 F.3d 1232, 1242,. A serious medical need is present whenever the failure to treat the prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.

27. Defendants, Wellpath, Does 1 through 25 and Does 51 through 100, acting under color of state law in their individual capacities, deprived Mr. Ortiz of the rights, privileges, and immunities secured by the Fourteenth Amendment of the United States Constitution by subjecting him, or through their deliberate indifference allowing others to subject him to, delay and denial of access to medical and mental health care for a serious but treatable medical and mental health condition. These named defendants knew, or must have known: (1) that Mr. Ortiz mental health condition was serious but treatable.

28. As a direct and proximate result of these named defendants' acts and/or omissions plaintiff, individually, sustained the injuries and seeks damages and penalties available pursuant to 42 U.S.C. §§1983 and 1988 and as otherwise allowed under California and federal statutes, codes and common law.

29. The conduct of said defendants was despicable, fraudulent, malicious, oppressive and in reckless and/ or conscious disregard of the rights of decedent, entitling plaintiff to punitive and exemplary damages in an amount sufficient to punish said defendants and to deter similar wrongdoing by others.

## COUNT II -MUNICIPAL LIABILITY
### (Plaintiff v. Ventura County)

30. Plaintiff is informed, believes and thereupon alleges that, at all times herein mentioned, defendant Ventura County, with deliberate indifference and conscious and reckless disregard for the safety, security and constitutional and statutory rights of Plaintiff Ortiz, engaged in the unconstitutional conduct and omissions as set forth hereinbefore. Ventura County authorized or ratified the

wrongful acts of the individual defendants herein. The individual defendants'
wrongful conduct was the result of policies, practices and customs to subject
inmates of VCJ to unconstitutionally inadequate treatment for inmates' health
conditions and permitted and promoted unsafe conditions for inmates. The
actions and inactions of VCSD and its custody staff were known, or should have
been known, to the policy makers of Ventura County.

31. The customs, policies, practices and/or procedures of VCSD, which
were directed, encouraged, allowed and/ or ratified by policy making officers
for Ventura County, include, but are not limited to: (1) to deny inmates at VCSD
medical care and treatment; (2) to fail to properly classify, house and/or
monitor inmates at VCJ; (3) to fail to provide mental health care for inmates
with health issues; (4) to fail to institute or require and enforce proper and
adequate training, supervision, policies and procedures concerning the
handling of inmates needed medical assistance at VCJ; and (5) to allow,
tolerate, and/or encourage a "code of silence" among law enforcement officers
and sheriff department personnel.

32. As a direct and proximate result of these named defendants' acts
and/or omissions, plaintiff, individually, sustained the medical injuries and
damages and seeks all damages and penalties available pursuant to 42 U.S.C.
§§1983 and 1988 and as otherwise allowed under California and federal
statutes, codes and common law.

33. The conduct of said defendants was despicable, fraudulent,
malicious, oppressive and in reckless and/ or conscious disregard of the rights
of decedent, entitling plaintiff to punitive and exemplary damages in an
amount sufficient to punish said defendants and to deter similar wrongdoing

by others.

## COUNT III- SUPERVISORY LIABILITY
### (Plaintiff v. Sheriff Dean and Does 26 through 50)

34. These named defendants acted under color of law, the acts of these defendants' subordinates deprived Plaintiff Ortiz of his state and federal rights as alleged herein, and these named defendants directed their subordinates in the acts that deprived Plaintiff Solorzano of his rights. These defendants set in motion a series of acts by their subordinates that they knew, or should have known, would cause these subordinates to deprive Plaintiff Ortiz of his state and federal rights; these named defendants knew, or reasonably should have known, that their subordinates were engaging in these acts and omissions; and these named defendants failed to act to prevent their subordinates from engaging in such conduct.

35. Sheriff Dean and Does 26 through 50: (1) failed to properly train, assign, supervise and guide their staff and medical personnel assigned to VCJ; (2) knew of the denial of access to health care and treatment to inmate patients, causing injury; (3) failed to supervise the services for pretrial detainee inmates; (4) failed to have adequate staff and personnel and had inadequate leadership and supervision; (5) failed to provide care or access to adequate and/or reasonable medical services for inmate patients with treatable medical conditions; and (6) operated with inadequate safeguards , audits, or reporting requirements reviewable by supervisors.

36. As a direct and proximate result of these named defendants' acts and/or omissions, plaintiff sustained injuries and/or damages, and seeks recovery of all damages and penalties available pursuant to 42 U.S.C. §§1983

1   and 1988 and as otherwise allowed under California and federal statutes, codes

2   and common law.

3

4   37. The conduct of said defendants was despicable, fraudulent,

5   malicious, oppressive and in reckless and/ or conscious disregard of the rights

6   of decedent, entitling plaintiff to punitive and exemplary damages in an

7   amount sufficient to punish said defendants and to deter similar wrongdoing

8   by others.

9

10                                    **VI.**

11                     **SECOND CAUSE OF ACTION FOR RELIEF**

12                     **CALIFORNIA GOVERNMENT CODE §845.6**

13               **(Plaintiff v. Ventura County and Does 1 through 25)**

14

15   38. Plaintiff repeats and realleges paragraphs 1 through 27, inclusive, as

16   though set forth full herein.

17

18   39. Government Code § 845.6 provides in pertinent part: "[A] public

19   employee, and the public entity where the employee is acting within the scope

20   of his employment, is liable if the employee knows or has reason to know that

21   the prisoner is in need of immediate medical care and he fails to take

22   reasonable action to summon such medical care."

23

24   40. Doe defendants 1 through 25 are VCSD and/or VCJ staff and

25   employees who knew, or had reason to know: (1) that Plaintiff Ortiz was in need

26   of immediate and/or a higher level of medical care, treatment, observation and

27   monitoring; (2) that Mr. Solorzano should not have been placed in the "hole"

28   right after a medical procedure.

41. Each of these named defendants failed to take reasonable action to: (1) summon and/or to provide Plaintiff Ortiz access to medical care and treatment; and (2) provide proper monitoring and housing accommodations as indicated under the circumstances. These named defendants failed to take reasonable action to provide Plaintiff access to such care, treatment, monitoring and housing as his circumstances required, all in violation of California Government Code §845.6.

42. As a legal and proximate cause of the afformentioned acts of these named defendants, Plaintiff was injured as set forth herein and his losses entitle him to damages, in an amount according to proof, according to California law.

### VII.
### THIRD CAUSE OF ACTION FOR RELIEF
### NEGLIGENCE
### (Plaintiff v. Sheriff Dean, CFMG, Does 1 through 100)

43. Plaintiff repeats and realleges paragraphs 1 through 27, inclusive, as though set forth full herein.

44. Cal. Civ. Code § 1714(a) provides that: "Everyone is responsible, not only for the result of his wilful acts, but also for the injury occasioned to another by his want of ordinary care or skill in the management of his property or person..." Defendants had a duty to: (1) render access and delivery of medical care, treatment and/or emergency services to Plaintiff Ortiz for his health condition; and (2) provide reasonable security, housing and monitoring of him as he was in their care, custody and control and under their sole and

exclusive medical care and treatment.

45. Negligence consists of acts or omissions which are not compatible with the standard of care exercised by a reasonable man of ordinary prudence. Defendants breached their duties by failing to properly house, monitor, care for, provide appropriate medical care and treatment and to Plaintiff.

46. As a direct and proximate result of the negligence of defendants, whose acts were a substantial factor in bringing about the injuries plaintiff has suffered. As a further legal and proximate result, Plaintiff has been damaged in an amount according to proof.

## VIII.
## FOURTH CAUSE OF ACTION FOR RELIEF
## MEDICAL MALPRACTICE
**(Plaintiff v. Wellpath and Does 51 through 100)**

47. Plaintiff repeats and realleges paragraphs 1 through 27, inclusive, as though set forth full herein.

48. During the time that defendants provided medical and mental care to Plaintiff Ortiz, they held themselves out to be members of the medical profession and/or nurses, technicians or other medical personnel, in that they were to provide health care, services and treatment within the standard of care.

49. These named defendants, and each of them, negligently rendered medical services, failed to render medical services and failed to conform to the standard of care required of them in rendering care to, or in rendering

professional services to Plaintiff Ortiz, leaving him to develope infection(s).

50. As a direct and proximate result of the afformentioned conduct of these named defendants, and each of them, plaintiff has suffered, and will continue to suffer damages.

**WHEREFORE,** Plaintiff prays for judgment against Defendants, and each of them, as follows:

### FIRST CAUSE OF ACTION FOR RELIEF

1. For general damages, in an amount according to proof;

2. For special damages, in an amount according to proof;

3. For punitive damages;

4. For statutory damages;

5. For prejudgement interest;

6. For attorney's fees and costs of suit; and

7. For such other and further relief as the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR RELIEF

1. For compensatory damages, in an amount according to proof;

2. For statutory damages, in an amount according to proof;

3. For punitive damages;

4. For costs of suit; and

5. For such other and further relief as the Court may deem just and proper.

### THIRD CAUSE OF ACTION FOR RELIEF

1. For general damages in an amount according to proof;

2. For special damages, in an amount according to proof;

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court may deem just and proper.

## FOURTH CAUSE OF ACTION FOR RELIEF

1. For general damages in an amount according to proof;

2. For special damages, in an amount according to proof;

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court may deem just and proper.

DATED: __01__/__07__, 2021         By:_____
                                           Ruben M. Ruiz
                                           Attorney for Plaintiff - ALFREDO ORTIZ

### PLAINTIFF DEMANDS A JURY TRIAL

DATED: __01__/__07__, 2021         By:_____
                                           Ruben M. Ruiz
                                           Attorney for Plaintiff - ALFREDO ORTIZ